IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | COMPLAINT |
| GOOD GUYS, INC. and COMPUSA, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Continental Casualty Company, by way of Complaint against Good Guys, Inc. and CompUSA, Inc., says:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Continental Casualty Company ("Plaintiff" or "Continental") is a corporation organized under the laws of the State of Illinois and has a principal place of business at 333 South Wabash Avenue, Chicago, Illinois. Plaintiff Continental is authorized to transact business in the State of Delaware.

2. Defendant Good Guys, Inc. ("GGI") is a corporation organized under the laws of the State of Delaware with a principal place of business at 14951 Dallas Parkway, Dallas, Texas. Based on information and belief, all stock, assets and liabilities of Defendant GGI were purchased by Defendant CompUSA, Inc. in or about September, 2003.

3. Defendant CompUSA, Inc. ("CUI") is a corporation organized under the laws of the State of Delaware with a principal place of business at 14951 Dallas Parkway, Dallas, Texas. Based on information and belief, Defendant CUI is liable for the debts of Defendant GGI.

4. The amount in controversy between the parties is in excess of $75,000.

5. Jurisdiction is based on diversity of citizenship under 29 U.S.C. § 1332.

## COUNT ONE
### (Breach of Contract)

6. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7. Plaintiff Continental issued policies of automobile and general liability insurance to Defendant GGI as follows: (a) Policy Nos. BUA184190977 and GL184190946 for the effective dates of July 1, 1997 to July 1, 1998; and (b) Policy Nos. BUA184190977 and GL184190946 for the effective dates of July 1, 1998 to July 1, 1999. These policies of insurance are hereinafter referred to as "the Policies."

8. The Policies have provided and continue to provide insurance coverage of certain liabilities of Defendants.

9. Plaintiff and Defendant GGI entered into a Deductible Reimbursement Agreement for each year of effective dates of the Policies. These Deductible Reimbursement Agreements (hereinafter referred to as "the Agreements") make the Policies subject to paid loss deductible plans.

10. The Policies and the Agreements form the AL/GL Deductible Insurance Programs negotiated and agreed to by Plaintiff and Defendant GGI. The terms of these insurance programs

were further outlined in Confirmation Letters sent by Plaintiff to Defendant GGI. The Policies, the Agreements and the Confirmation Letters are hereinafter collectively referred to as "the Programs."

11.     Pursuant to the terms of the Programs, Defendants, among other things, are obligated to: (a) remit payment of Deductible Policy Premiums which are the initial premiums for coverage subject to an audit at the expiration of each policy term; and (b) reimburse Plaintiff for the Programs' deductible obligations which include the first $5,000 of paid losses per claim plus allocated loss adjustment expenses.

12.     Defendant GGI submitted numerous claims to Plaintiff for coverage under the Programs, and Plaintiff provided the coverage afforded by the Programs for these claims. For these claims, Defendants' deductible reimbursement obligations are $527,950. Plaintiff sent the calculation documents and corresponding invoice for the $527,950 to Defendants. Defendants, however, have failed and refused to remit payment.

13.     On numerous occasions prior to filing the instant litigation, Plaintiff demanded payment of the $527,950 owed by Defendants to Plaintiff and attempted to collect same without success.

14.     The Programs provide that Plaintiff is entitled to interest on past due amounts at the 90-day commercial paper rate as published in the Wall Street Journal – Midwest Edition on the first Friday of the month of the due date of an invoice plus 5%.

15.     Defendants have failed, refused and continue to refuse to pay the $527,950 balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $527,950, plus interest pursuant to the terms of the Programs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $527,950 for compensatory damages, together with interest, attorney fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

16.   Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17.   Plaintiff has provided insurance coverage and related services to Defendants for which Defendants have refused to pay and have been unjustly enriched thereby.

18.   Plaintiff has repeatedly demanded that Defendants remit payment of the amounts due and owing to Plaintiff.

19.   Defendants have failed, refused and continue to refuse to pay the $527,950 balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $527,950, plus interest pursuant to the terms of the Programs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $527,950 for compensatory damages, together with interest, attorney fees, costs of suit, and such further relief as this Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Anthony G. Flynn (Del. Bar I.D. 74)
Timothy Jay Houseal (Del. Bar I.D. 2880)
The Brandywine Buiding
1000 West Street, 17th Floor
Wilmington, DE 19801

(302) 571-6682
(302) 576-3300
E-mail: thouseal@ycst.com

Attorneys for Plaintiff Continental Casualty Company

OF COUNSEL:

Samuel J. Thomas, Esq.
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Suite 301
Florham Park, NJ 07932

Dated: December 13, 2006

# CIVIL COVER SHEET

JS44 (Rev. 11/04)

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFF(S)
Continental Casualty Company

### DEFENDANT(S)
Good Guys, Inc. and CompUSA, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES):** Cook County, Illinois

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** New Castle, DE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER**

Timothy Jay Houseal, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6682

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Gov't Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY) (PLACE AND X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | P | D | | P | D |
|---|---|---|---|---|---|
| Citizen of the State | ☐ | ☐ | Incorporated or Principal Place of Business in this State | ☐ | ☒ |
| Citizen of Another State | ☐ | ☐ | Incorporated and Principal Place of Business in Another State | ☒ | ☐ |
| Citizen/Subject of a Foreign Nation | ☐ | ☐ | | | |

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

### CONTRACT
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment and Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 153 Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Other Product Liability

### TORTS
**Personal Injury**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med. Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Food & Drug
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regulations
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSHD Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

## V. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another District
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Action by insurance carrier to recover amounts owed by policyholder.

## VII. REQUESTED IN COMPLAINT:
(CHECK IF THIS IS A CLASS ACTION DEMAND)
☐ UNDER F.R.C.P. 23
**DEMAND** $527,950 plus interest and costs
Check Yes only if demanded in complaint
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions): DISTRICT JUDGE    MAGISTRATE JUDGE    DOCKET NUMBER

**DATE:** 12/13/06

**SIGNATURE OF ATTORNEY OF RECORD:** [signature: Timothy Houseal]

### FOR OFFICE USE ONLY
RECEIPT NO. _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DB02:5666235.1                                                                                900002.0004

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 6 - 7 6 3__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

DEC 1 3 2006
_____
(Date forms issued)

_____
(Signature of Party or their Representative)

FRANK JOYCE/PARCELS, INC
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action