IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:06-cv-0763-GMS |
| v. | ) ) | |
| GOOD GUYS, INC. and COMPUSA, INC., | ) ) ) | |
| Defendants. | ) ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated November 29, 2007, Fed. R. Civ. P. 16, and Local Rule 16.2(b), Plaintiff Continental Casualty Company ("Continental" or "Plaintiff") and Defendants Good Guys, Inc. and CompUSA, Inc. (collectively, "Defendants") respectfully submit this Joint Status Report in anticipation of the December 7, 2007 Scheduling Conference.

I.  **JURISDICTION AND SERVICE**

The Court has jurisdiction over the subject matter of this action as well as over all the parties to this action. Plaintiff filed its Complaint in the United States District Court for the District of Delaware on December 13, 2006, and served Defendants with the Complaint on December 14, 2006. With the consent of Plaintiff and leave of Court, Defendants filed their Answer and Affirmative Defenses on January 23, 2007.

II. **SUBSTANCE OF THE ACTION**

  A. **Plaintiff Continental's Complaint**

Plaintiff Continental has asserted claims against Defendants for Breach of Contract and Unjust Enrichment. Plaintiff issued policies of workers' compensation, general liability and automobile insurance to Defendant Good Guys, Inc. ("Good Guys") for the effective dates of July 1, 1997 to July 1, 1998 and July 1, 1998 to July 1, 1999 (the "Policies"). In connection with the Policies, Plaintiff and Defendant entered into a Deductible Reimbursement Agreement for each year of effective dates of the Policies, which make the Policies subject to paid loss deductible plans. Pursuant to the terms of the Policies and the Agreements, Defendant Good Guys, among other things, is obligated to reimburse Plaintiff for deductible obligations. Good Guys submitted numerous claims to Plaintiff for coverage, and Plaintiff provided the coverage for these claims for which the deductible reimbursement obligations are $527,950.

Plaintiff contends that Defendant CompUSA, Inc. ("CUI"), as a result of corporate mergers and/or acquisitions, is equally liable for the debts and obligations of Good Guys. Plaintiff sent the calculation documents and corresponding invoice for the $527,950 to Defendants. Defendants, however, have failed, refused, and continue to refuse to remit payment.

  B. **Defendants' Defenses**

Defendants have answered the Complaint and asserted affirmative defenses based on expiration of the statute of limitations, failure to state a claim upon which relief can be granted, the parol evidence rule, and the doctrine of waiver. Defendants also intend to seek leave to amend their Answer to include additional defenses of laches and off-set, among others.

Defendants deny that any monies are owed to Plaintiff as a result of the plead and to be plead affirmative defenses. However, if any monies are in fact found to be owed, it is Good

Guys, not CUI, who is obligated to pay. In fact, CUI believes that it is not even a proper party to this lawsuit as it did not have any affiliation with Good Guys until several years after the Policies expired. Additionally, Good Guys disputes Plaintiff's calculation of damages and believes that such calculation is significantly flawed and seeks recovery for monies which Good Guys would not be obligated to pay under the terms of the Policies.

### III.   IDENTIFICATION OF ISSUES

The following **factual** issues are in dispute with regard to Plaintiff Continental's Complaint:

    A.    CUI disputes that it owes any money to Plaintiff as it is not a party to the Policies, nor is it obligated under any theory or type of successor liability.

    B.    Good Guys, based on the information it has received, disputes that all or portion of the monies allegedly owed to Plaintiff are recoverable under the terms of the Policies.

    C.    Good Guys believes that it may be entitled to an offset and/or credit of monies that were due and owing under previous policies between Plaintiff and Good Guys which may not have been paid to Good Guys.

The following **legal** issues are in dispute with regard to Plaintiff Continental's Complaint:

    A.    Did the Plaintiff sustain any recoverable damages as a result of any wrongful conduct of the Defendant?

    B.    Whether CUI is a proper party to this action.

    C.    Whether Plaintiff's claims are barred by the applicable statute of limitations.

    D.    Whether Plaintiff's claims are barred by the doctrine of waiver or laches.

E.     Whether Plaintiff's claim for damages is subject to off-set.

## IV. NARROWING OF ISSUES

The Parties believe that discovery could create opportunities to narrow the issues in this case. The Parties also contemplate that future motions for summary judgment or partial summary judgment may help to narrow the issues before the Court.

## V. RELIEF

Plaintiff seeks monetary damages of $527,950 plus contractual interest. Damages are based on the deductible obligations created by the Policies and the Agreements, and the amounts paid by Plaintiff for claims submitted by Good Guys for coverage under the Policies.

## VI. AMENDMENT OF PLEADINGS

The Parties agree that all motions to amend their pleadings shall be filed on or before January 15, 2008.

## VII. JOINDER OF PARTIES

The Parties agree that all motions to join additional parties shall be filed on or before January 15, 2008.

## VIII. DISCOVERY

The Parties contemplate seeking discovery through document requests, interrogatories, requests for admissions and depositions. In this regard, the Parties propose the following discovery schedule:

| EVENT | PROPOSED DATE |
| --- | --- |
| FRCP 26(a) Disclosures | December 31, 2007 |
| Fact Discovery Cut-Off | July 31, 2008 |
| Expert Reports (party bearing the burden of proof on claim) | June 30, 2008 |
| Rebuttal Experts Reports | July 31, 2008 |
| Expert Discovery Cut-Off | August 31, 2008 |

A. **Limitations**

1. **Interrogatories**

The Parties agree to adhere to the limitation on the number of interrogatories set forth in FRCP Rule 33(a).

2. **Depositions**

The Parties agree to adhere to the limitations set forth in FRCP Rule 30.

IX. **ESTIMATED TRIAL LENGTH**

The Parties estimate that a trial of this matter will take five (5) court days and proposes that the trial commence on or about October 13, 2008, or such date that might be selected by the Court. The Parties will endeavor in good faith to reduce the length of trial, if possible, by stipulation or other means.

X. **JURY TRIAL**

The Parties have not requested a trial by jury.

XI. **SETTLEMENT**

The Parties intend to discuss settlement after completing an initial round of discovery.

XII. **OTHER MATTERS CONDUCIVE TO EFFICIENT DISPOSITION OF ACTION**

The Parties are considering whether they will consent to the submission of this dispute to a Magistrate Judge, pursuant to Delaware Local Rule 73.1.

XIII. **STATEMENT THAT COUNSEL HAVE CONFERRED**

Counsel for the Parties have conferred about each of the matters set forth in the Court's Order entered November 29, 2007.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Timothy Jay Houseal
Timothy Jay Houseal, Esq. (ID No. 2880)
The Brandywine Building
1000 West Street, 17th Floor,
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6682
Facsimile: (302) 576-3300
E-mail: thouseal@ycst.com
Attorneys for Plaintiffs

Of Counsel:

Samuel J. Thomas, Esq.
BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiffs
325 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: (973) 514-1200
Facsimile: (973) 514-1660
E-mail: sthomas@bressler.com

Dated: December 5, 2007

SMITH, KATZENSTEIN & FURLOW, LLP

/s/ Robert J. Katzenstein
Robert Katzenstein, Esq. (ID No. 378)
Attorneys for Defendants
800 Delaware Avenue - 10th Floor
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
E-mail: rjk@skfdelaware.com

Of Counsel:

Bryan J. Wick, Esq.
J. Sean Lemoine, Esq.
WICK PHILLIPS, LLP
Attorneys for Defendants
500 North Akard Street - Suite 2100
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
E-mail: slemoine@wickphillips.com

DB02:6419054.1                                                                                    900002.0004